REVISED - March 13, 2001

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-20187
_____

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

v.

GARY G. SCOTT; CHRISTOPHER M. BURKS,

                                              Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CR-158-12)
_____

February 12, 2001

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Defendants-Appellants Gary G. Scott and Christopher M. Burks
appeal their convictions for one count of conspiracy, five counts
of mail fraud and one count of money laundering pursuant to 18
U.S.C. §§ 371, 1341, and 1956(a)(1)(A)(i), respectively.  Scott and

_____

     [*]Pursuant to 5ᵗʰ Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Burks were employed as telemarketers for American Land Liquidators, Inc. ("ALL"), a company that purported to advertise hard-to-sell properties and match owners of such property with potential buyers in return for a fee. In reality, ALL was little more than an extensive telemarketing fraud scheme. Scott and Burks appeal these convictions on several grounds.

First, they contend that the indictments against them were fatally flawed because the five counts of mail fraud, predicates to the conspiracy and money laundering counts, failed to include expressly the element of materiality[1] as to the scheme or artifice to defraud. Even though the magic word "materiality" was not present in the indictments, an "indictment is not fatally insufficient for its failure to allege materiality in haec verba";[2] it is sufficient when, as here, the indictment specifically alleges the facts of the criminal acts in which the misrepresentations made are clearly material.[3]

Second, Scott and Burks challenge the sufficiency of the evidence supporting their convictions, arguing that the government failed to adduce enough evidence to prove that the telemarketing scheme was a scheme to defraud within the meaning of the mail fraud statute, 18 U.S.C. § 1341. We disagree. As we held previously in

---

[1] In Neder v. United States, 527 U.S. 1, 25 (1999), the Supreme Court held that materiality is an element of the offense of mail fraud.

[2] United States v. McGough, 510 F.2d 598, 602 (5th Cir. 1975).

[3] See id. at 602-603.

affirming the convictions of the supervisors of this same telemarketing scheme for, <u>inter alia</u>, mail fraud, a reasonable jury "could certainly look at the evidence presented by the government and conclude that ALL was a sham and that the defendants used it to perpetrate [a] fraudulent telemarketing scheme."[4]

Scott and Burks next contend that the district court erred in giving the jury a deliberate ignorance instruction. "[W]hen the defendant claims he lacks the requisite guilty knowledge, such an instruction is appropriate if the trial evidence raises two inferences: '(1) the defendant was subjectively aware of a high probability of the existence of the illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct.'"[5] As we are satisfied that the evidence so demonstrated, we conclude that the district court acted properly in instructing the jury on deliberate ignorance.

Finally, Burks asserts that the district court abused its discretion in allowing the government to cross-examine him regarding a prior conviction for the sale of a simulated drug. We are satisfied that the district court did not abuse its discretion in admitting evidence of Burks's prior conviction through his answers on cross-examination, pursuant to Federal Rule of Evidence

---

[4] <u>United States v. Reissig</u>, 186 F.3d 617, 619 (5th Cir. 1999) (per curiam).

[5] <u>United States v. Gray</u>, 105 F.3d 956, 967 (5th Cor. 1997) (quoting <u>United States v. Lara-Velasquez</u>, 919 F.2d 946, 951 (5th Cir. 1990)).

609(a)(2).  Not only did he "open the door" to discussion of this crime of dishonesty when he testified that he "would not have deceived somebody to get money,"[6] the similarity between the deceit at issue here and that in his prior crime of conviction — representations that a fake drug was real when attempting to distribute it — complies with the strictures of that rule and comports with Federal Rule of Evidence 403 as well.

We conclude that each of these contentions is without merit, and therefore affirm the convictions of Scott and Burks.

AFFIRMED.

---

[6] "For the purpose of attacking the credibility of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement." Fed. R. Evid. 609(a)(2).